**KIM, CHO & LIM, LLC**
Joshua S. Lim Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiff*
joshualim@kcllawfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JI MEI JIN, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>-against-<br><br>NATURAL TOFU RESTAURANT CORP. d/b/a SEOUL GARDEN RESTAURANT, PATRICIA KOO, MAN SUH KOO, and MYONG JA KOO,<br><br>Defendants. | Case No.:<br><br><br>CIVIL ACTION<br><br><br><br>**COMPLAINT** |

Plaintiff JI MEI JIN, ("Jin"), individually and on behalf of similarly situated individuals, by and through their attorneys, Kim, Cho & Lim, LLC, upon her personal knowledge, and upon information and belief as to other matters, aver against Defendants, NATURAL TOFU RESTAURANT CORP. d/b/a SEOUL GARDEN RESTAURANT ("Seoul Garden" or the "Business"), PATRICIA KOO ("Patricia"), MAN SUH KOO ("MS Koo"), and MYONG JA KOO ("MJ Koo") (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this lawsuit as a non-exempt employee seeking recovery of unpaid minimum wage and unpaid overtime premium under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and their supporting rules and regulations.

2. Plaintiff brings this lawsuit also seeking recovery of unpaid spread of hours premium, and damages for Defendants' violation of record keeping and notice requirements under NYLL and its supporting regulations.

3. Plaintiff brings this lawsuit as an individual as well as a representative of putative FLSA collective class, and Rule 23 class (collectively, "Class"), of which members are similarly situated as Plaintiff was under employment with Defendants.

## PARTIES

4. Defendant Seoul Garden is a domestic corporation organized and existing under the laws of the State of New York.

5. Defendant Seoul Garden operates a restaurant business at their business premise located at 34 W 32nd Street, Suite #2, New York, NY 10001.

6. Defendant Patricia is the managerial person or manager at Seoul Garden.

7. Defendants MS Koo and MJ Koo are the owners of the Business and are spouses.

8. Defendant Patricia Koo is the daughter of Defendants MS Koo and MJ Koo.

9. Upon information and belief, Defendants reside in the city of New York in the State of New York.

10. Plaintiff Jin is an individual currently residing in the State of Nevada.

11. Plaintiff was an employee, employed by Defendant to work at Seoul Garden.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiffs claims under the FLSA pursuant to 28 U.S.C. §§ 1331 and 1337.

13. This Court has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

14. The venue is proper in the Southern District Court of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

**DEFENDANTS WERE PLAINTIFF'S EMPLOYERS**

15. During Plaintiff's employment with Defendants, Defendants had a gross annual revenue of $500,000 or greater.

16. During Plaintiff's employment with Defendants, Defendants were engaged in commerce of in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. § 203(s).

17. Defendants were Plaintiff and the Class's employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

18. Defendants were Plaintiff and the Class's employers within the meaning of NYLL, N.Y. Lab. Law §§ 651(6).

19. Defendants were joint employers of Plaintiff and the Class during Plaintiff's employment.

DEFENDANT SEOUL GARDEN

20. Defendant Seoul Garden had the power to hire and fire Plaintiff and the Class.

21. Defendant Seoul Garden had the power to set wages of Plaintiff and the Class.

22. Defendant Seoul Garden had the power to control the work schedules and/or conditions of employment of Plaintiff and the Class.

DEFENDANT PATRICIA KOO

23. Defendant Patricia maintained her power to hire and fire Plaintiff and the Class.

24. Defendant Patricia oversaw the day-to-day operation of the Business during Plaintiff's employment with Defendants.

25. Defendant Patricia held the power to set wages of Plaintiff and the Class.

26. Defendant Patricia held the power to set schedules of Plaintiff and the Class.

27. Defendant Patricia controlled the method of payments made to Plaintiff and the Class.

28. Defendant Patricia held the power to sign company checks of the corporate Defendant Seoul Garden.

29. Defendant Patricia was in control of all payments made to Plaintiff and the Class.

### DEFENDANT MAN SUH KOO

30. Defendant MS Koo held the power to hire and fire Plaintiff and the Class.

31. Defendant MS Koo oversaw the day-to-day operation of the Business during Plaintiff's employment.

32. Defendant MS Koo held the power to set wages of Plaintiff and the Class.

33. Defendant MS Koo held the power to set schedules of Plaintiff and the Class.

34. Defendant MS Koo controlled the method of payments made to Plaintiff and the Class.

35. Defendant MS Koo held the power to sign company checks of the corporate Defendant Seoul Garden

36. Defendant MS Koo was in control of all payments made to Plaintiff and the Class.

37. Defendant MS Koo held, and still holds, ownership or shareholder interest in the Business.

### DEFENDANT MYONG JA KOO

38. Defendant MJ Koo is the founder of the Business in 1998.

39. Defendant MJ Koo held the power to hire and fire Plaintiff and the Class.

40. Defendant MJ Koo held the power to set wages and control the work schedules and employment conditions of Plaintiff and the Class.

41. Defendant MJ Koo was regularly present at the Business's premises.

42. Defendant MJ Koo holds ownership or shareholder interest in the Business.

43. Defendant MJ Koo is the signatory to the lease agreement between corporate Defendant Seoul Garden and its landlord.

44. The liquor license of which the Business is taking the benefit, is issued under MJ Koo's name.

## THE CONDITIONS OF PLAINTIFF'S EMPLOYMENT

45. Plaintiff was hired on or about 2004 and continued to be employed until November 6, 2016, with approximately six (6) months of break prior to 2011 and approximately another two (2) months of break from about mid-April 2016 through about mid-June 2016.

46. During her employment, Plaintiff was hired as a waitress, whose primary functions were to serve food and drink to the patrons or customers of Defendants.

47. Plaintiff was a "tipped employee" within the meaning of the FLSA, 29 U.S.C. § 203(t).

48. However, Plaintiff was not a "tipped employee" within the meaning of the New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.3, a regulation promulgated under the NYLL.

49. Plaintiff was a "food service worker" within the meaning of New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-3.4

50. Prior to September 2011, Plaintiff was paid at the rate ranging from $35 to $45 per day of work.

51. Starting around September 2011 through around mid-April 2016, Plaintiff was paid at the rate of $50 per one day of work.

52. During this period, Plaintiff worked, on average, four (4) to five (5) days per week.

53. Starting around mid-June 2016 through November 6, 2016, Plaintiff was paid at the rate of $60 per one day of work.

54. During this period, Plaintiff worked, on average, five (5) to six (6) days per week.

55. On each day of work, Plaintiff's shift started at 10 A.M and ended at 10 P.M.

56. Plaintiff was provided with no lunch break and was often called to duty in the midst of her meals.

57. Plaintiff enjoyed no breaks during her shift each day.

58. Plaintiff was paid on a daily basis, as prohibited under 12 N.Y.C.R.R. § 146-2.5.

## **DEFENDANTS' FAILURE TO PROVIDE NOTICES AND STATEMENTS**

59. Since the commencement of Plaintiff's employment and throughout Plaintiff's employment with Defendants, Defendants have never provided Plaintiff with a wage notice, in English and in the language identified by Plaintiff and each members of the Class, stating the following information as required by New York Lab. Law § 195(1):

    a. The rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

    b. Allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances;

    c. Regular pay day designated by the employer;

    d. The name of the employer;

    e. Any "doing business as" names used by the employer;

    f. The physical address of the employer's main office or principal place of business and a mailing address if different; and

    g. The telephone number of the employer.

60. Plaintiff did not, and could not, sign any acknowledgement of receipt of such notice.

61. Defendants did not, and could not, keep a record of the acknowledgement of receipt of such notice.

62. During Plaintiff's employment with Defendants, Defendants have never provided Plaintiff with a wage statement or a pay stub stating the following information as required by New York Lab. Law § 195(3):

    a. Dates of work covered by that payment of wages;

    b. Name of the employee;

    c. Name of the employer;

    d. Address and phone number of employer;

    e. Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

    f. Gross wages;

    g. Deductions;

    h. Allowances, if any, claimed as a part of the minimum wage; and

    i. Net wages.

63. Plaintiff did not, and could not, sign any acknowledgement of receipt of such notice.

64. Defendants did not, and could not, keep a record of the acknowledgement of receipt of such notice.

65. During Plaintiff's employment with Defendants, Defendants have never provided Plaintiff with a tip credit notice, in English and in any other language spoken by Plaintiff, stating the following information, as required by 12 N.Y.C.R.R. § 146-2.2 to be eligible to take any tip credit pursuant to 12 N.Y.C.R.R. § 146-1.3:

    a. The employee's regular hourly pay rate;

    b. The employee's overtime hourly pay rate;

    c. The amount of tip credit, if any, to be taken from basis minimum hourly rate;

    d. Statement that employers are required to pay extra if tips are insufficient to bring the employee up to the basis minimum wage; and

    e. Regular pay day.

66. Plaintiff did not, and could not, sign any acknowledgement of receipt of such notice.

67. Defendants did not, and could not, keep a record of the acknowledgement of receipt of such notice.

68. During Plaintiff's employment with Defendants, Defendants have never provided Plaintiff with a tip credit notice, stating the following information, as required by 29 C.F.R. § 531.59 to be eligible to take any tip credit pursuant to 29 U.S.C. § 203(m).

    a. The amount of the cash wage that is to be paid to the tipped employee by the employer;

    b. The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee;

    c. That all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

    d. That the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

69. Due to Defendants' failure to provide a tip credit notice to Plaintiff, Defendants are disallowed from taking tip credit from their minimum wage payment due to Plaintiff.

### **DEFENDANTS' FAILURE TO PAY PLAINTIFF'S WAGES**

70. During the period between September 2011 through April 2016, Plaintiff worked, on average, fifty four (54) hours per week.

71. During this period, Plaintiff was paid, on average, $225.00 per week.

72. During the period between June 2016 through November 2016, Plaintiff worked, on average, sixty six (66) hours per week.

73. During this period, Plaintiff was paid, on average, $330.00 per week.

74. During Plaintiff's employment with Defendants, the amount of wage Defendants paid to Plaintiff is well below the minimum wage and did not properly compensate for overtime premium and spread of hours premium due to Plaintiff.

### FLSA § 216(b) COLLECTION ACTION

75. Defendants' employment practices to which Plaintiff was subject was a business-wide practice to which the Class was also subject.

76. The members of the Class - waiter, waitress, bussers, and other employees who was or were hired to serve food or beverage for Defendants' customers - were all subject to Defendants' practice of paying below minimum wage

77. The members of the Class were all subject to Defendants' practice of failing to pay overtime premium.

78. The members of the Class were all subject to Defendants' practice of failing to pay spread of hours premium.

79. The members of the Class were all subject to Defendants' practice of failing to provide wage notice at the time of their hiring.

80. The members of the Class were all subject to Defendants' practice of failing to provide wage statements with each payment of wages.

81. The members of the Class were all subject to Defendants' practice of failing to provide tip credit notice.

82. The members of the Class were similarly situated as Plaintiff was.

## FEDERAL RULES OF CIVIL PROCEDURE RULE 23 CLASS ACTION

83. Defendants' employment practice permeated throughout the Business, and therefore the material facts and laws which may be involved in a claim brought by any member of the Class are in common with those which are involved in Plaintiff's claims against Defendants.

84. The claims brought against Defendants herein and the defenses which Plaintiff anticipate will be asserted by Defendants are typical of those which may be brought and asserted in any lawsuit initiated by any member of the Class against Defendants.

85. There were numerous employees over the duration of Plaintiff's employment with Defendants, whom all constitute the Class, and it is in favor of judicial efficiency to litigate this matter as a class action than to litigate each individual cases separately.

86. Plaintiff's counsels, the attorneys from the law offices of Kim, Cho & Lim, LLC are capable to providing adequate representation of all the members of the Class.

## FIRST CAUSE OF ACTION
### FLSA: UNPAID MINIMUM WAGES

87. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

88. During Plaintiff's employment with Defendants, Defendants maintained a gross annual revenue of $500,000.

89. During Plaintiff's employment with Defendants, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201, *et seq.*

90. During Plaintiff's employment with Defendants, Defendants were joint employers of Plaintiff and the Class as defined under 29 U.S.C. §§ 201, *et seq.*

91. Plaintiff was an employee of Defendants as defined under 29 U.S.C. §§ 201, *et seq.*

92. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff the applicable minimum wage as required under 29. U.S.C. § 206(a).

93. Due to Defendants' failure to provide tip credit notice as set forth in 29 C.F.R. § 531.59, Defendants are not eligible to take any tip credit towards Plaintiff's minimum hourly rate.

94. Defendants' failure to pay Plaintiff the applicable minimum hourly wage was willful within the meaning of 29 U.S.C. § 255(a).

95. As a result of Defendants' failure to pay, Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
NYLL: UNPAID MINIMUM WAGES

96. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

97. During Plaintiff's employment with Defendants, Defendants were Plaintiff's joint employers within the meaning of N.Y. Lab. Law § 651(6).

98. During Plaintiff's employment with Defendants, Plaintiff was Defendants' employee within the meaning of N.Y. Lab. Law § 651(5).

99. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff the applicable minimum wage as required under N.Y. Lab. Law § 652 and 12 N.Y.C.R.R. § 146-1.2.

100. Due to Defendants' failure to provide tip credit notices as set forth in 12 N.Y.C.R.R. § 146-2.2, Defendants are not eligible to take any tip credit towards Plaintiff's basic minimum hourly rate.

101. Defendants' failure to pay Plaintiff the applicable minimum hourly wage was without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of N.Y. Lab. Law § 663.

102. As a result of Defendants' failure to pay, Plaintiff suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
FLSA: UNPAID OVERTIME WAGES

103. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

104. During Plaintiff's employment with Defendants, Defendants maintained a gross annual revenue of $500,000.

105. During Plaintiff's employment with Defendants, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201, *et seq.*

106. During Plaintiff's employment with Defendants, Defendants were joint employers of Plaintiff and the Class as defined under 29 U.S.C. §§ 201, *et seq.*

107. Plaintiff was an employee of Defendants as defined under 29 U.S.C. §§ 201, *et seq.*

108. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff the required overtime premium at a rate not less than one and one-half (1 1/2) times the regular rate or the applicable minimum wage as required under 29. U.S.C. § 207(a)(1).

109. Due to Defendants' failure to provide tip credit notice as set forth in 29 C.F.R. § 531.59, Defendants are not eligible to take any tip credit towards Plaintiff's overtime premium.

110. Defendants' failure to pay Plaintiff the applicable minimum hourly wage was willful within the meaning of 29 U.S.C. § 255(a).

111. As a result of Defendants' failure to pay, Plaintiff suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
NYLL: UNPAID OVERTIME WAGES

112. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

113. Defendants operate a restaurant where Defendants offer food or beverage for human consumption and provide eating and drinking place

114. During Plaintiff's employment with Defendants, Defendants were Plaintiff's joint employers within the meaning of N.Y. Lab. Law § 651(6).

115. During Plaintiff's employment with Defendants, Plaintiff was Defendants' employee within the meaning of N.Y. Lab. Law § 651(5).

116. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff the applicable overtime wage at the rate of one and one half (1 1/2) times the regular rate as required under 12 N.Y.C.R.R. § 146-1.4.

117. Due to Defendants' failure to provide tip credit notices as set forth in 12 N.Y.C.R.R. § 146-2.2, Defendants are not eligible to take any tip credit towards Plaintiff's basic overtime wage.

118. Defendants' failure to pay Plaintiff the applicable overtime wage was without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of N.Y. Lab. Law § 663.

119. As a result of Defendants' failure to pay, Plaintiff suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
NYLL: UNPAID SPREAD OF HOUR PREMIUM

120. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

121. Defendants operate a restaurant where Defendants offer food or beverage for human consumption and provide eating and drinking place.

122. During Plaintiff's employment with Defendants, Defendants were Plaintiff's joint employers within the meaning of N.Y. Lab. Law § 651(6).

123. During Plaintiff's employment with Defendants, Plaintiff was Defendants' employee within the meaning of N.Y. Lab. Law § 651(5).

124. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff the applicable spread of hours premium for each day where the spread of hours, as defined in 12 N.Y.C.R.R. § 146-1.6, exceeded 10, as required under the same provision.

125. Defendants' failure to pay Plaintiff the applicable overtime wage was without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of N.Y. Lab. Law § 663.

126. As a result of Defendants' failure to pay, Plaintiff suffered damages in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### NYLL: WAGE NOTICE VIOLATION

127. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

128. During Plaintiff's employment with Defendants, Defendants were Plaintiff's joint employers within the meaning of N.Y. Lab. Law § 651(6).

129. During Plaintiff's employment with Defendants, Plaintiff was Defendants' employee within the meaning of N.Y. Lab. Law § 651(5).

130. During Plaintiff's employment with Defendants, Defendants failed to provide a wage notice containing information listed and as required under N.Y. Lab. Law § 195(1)(a).

131. Plaintiff may recover in this action damages of fifty dollars ($50) for each work day she was not provided with the notice, but not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees, as provided for under N.Y. Lab. Law § 198(1-b).

132. As a result of Defendants' notice violations, Plaintiff may recover five thousand dollars ($5,000), plus costs and reasonable attorney's fees.

### SEVENTH CAUSE OF ACTION
### NYLL: WAGE STATEMENT VIOLATION

133. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

134. During Plaintiff's employment with Defendants, Defendants were Plaintiff's joint employers within the meaning of N.Y. Lab. Law § 651(6).

135. During Plaintiff's employment with Defendants, Plaintiff was Defendants' employee within the meaning of N.Y. Lab. Law § 651(5).

136. During Plaintiff's employment with Defendants, Defendants failed to provide a wage statement containing information listed and as required under N.Y. Lab. Law § 195(3).

137. Plaintiff may recover in this action damages of two hundred fifty dollars ($250) for each work day she was not provided with the statement, but not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees, as provided for under N.Y. Lab. Law § 198(1-d).

138. As a result of Defendants' notice violations, Plaintiff may recover five thousand dollars ($5,000), plus costs and reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

a. Declaration that Defendants' practices complained herein were unlawful practices;

b. Certification of the Fair Labor Standards Act collective action class and allow Plaintiff to send court-approved notices to the members of the Class and to allow the members of the Class to opt-in to this litigation;

c. Certification of the Federal Rules of Procedure Rule 23 class action and allow Plaintiff to represent the interests of the members of the Class;

d. Declaration that each and every Defendants are individually, jointly, and severally liable for each of their violations of Fair Labor Standards Act and the New York Labor Law, and regulations promulgated under these statutes;

e. Declaration that Defendants were disallowed from taking any tip credit towards Plaintiff's and the Class's wages;

f. Declaration that Defendants' violations of the Fair Labor Standards Act were willful within the meaning of 29 U.S.C. § 255(a);

g. Declaration that Defendants are liable to Plaintiff for unpaid minimum wage pursuant to the Fair Labor Standards Act and its supporting regulations;

h. Declaration that Defendants are liable to Plaintiff for unpaid overtime premium pursuant to the Fair Labor Standards Act and its supporting regulations;

i. Declaration that Defendants are liable to the Class for unpaid minimum wage and unpaid overtime premium under the Fair Labor Standards Act and its supporting regulations;

j.  Declaration that Defendants are liable to Plaintiff for unpaid minimum wage pursuant to the New York Labor Law and the New York Hospitality Industry Wage Order;

k.  Declaration that Defendants are liable to Plaintiff for unpaid overtime wage pursuant to the New York Labor Law and the New York Hospitality Industry Wage Order;

l.  Declaration that Defendants are liable to Plaintiff for unpaid spread of hours premium under the New York Labor Law and the New York Hospitality Industry Wage Order;

m.  Declaration that Defendants are liable to the Class for unpaid minimum wage, unpaid overtime wages, and unpaid spread of hours premium under the New York Labor Law and the New York Hospitality Industry Wage Order;

n.  Declaration that Defendants' violations of the New York Labor Law were willful and without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of N.Y. Lab. Law § 663;

o.  Declaration that Defendants are liable to Plaintiff and the Class for liquidated damages in an amount equal to one hundred percent (100%) of the total underpayment found to be due under the New York Labor Law and its supporting regulations, including unpaid minimum wages, unpaid overtime wages, and unpaid spread of hours premium;

p.  Declaration that Plaintiff is entitled to collect five thousand dollars ($5,000) for Defendants' failure to provide wage notice as required under the New York Labor Law and its supporting regulations;

q.  Declaration that Plaintiff is entitled to collect five thousand dollars ($5,000) for Defendants' failure to provide wage notice as required under the New York Labor Law and its supporting regulations;

r.  Declaration that Plaintiff is entitled to collect reasonable attorney's fees and costs incurred in this litigation from Defendants;

s.  Declaration that Plaintiffs are entitled to collect prejudgment interest; and

t.  Such other statutory and equitable relief as this Court shall deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: New York, New York
September 25, 2017

Respectfully submitted,

By: _____
KIM, CHO & LIM, LLC
Joshua S. Lim, Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
joshualim@kcllawfirm.com
*Attorneys for Plaintiff*