UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JI MEI JIN, *individually and on behalf of similarly situated individuals*,

        Plaintiff,

-against-

NATURAL TOFU RESTAURANT CORP. d/b/a SEOUL GARDEN RESTAURANT, et al.,

        Defendants.



17-CV-7302 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter dated December 13, 2018 (Joint Ltr.) (Dkt. No. 62), seeking approval of their proposed Settlement Agreement (Agreement) (Dkt. No. 62-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Natural Tofu Restaurant Corp. d/b/a Seoul Garden Restaurant (Seoul Garden), Patricia Koo, Myong Ja Koo, and Man Suh Koo to pay $100,000 to plaintiff Ji Mei Jin in full settlement of plaintiff's wage claims, including claims brought pursuant to the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. ¶ 2.

    The parties explain that this case is "closely related" to *Jindan Wu, et al., v. Natural Tofu Restaurant Corp. d/b/a Seoul Garden Restaurant, et al.,* No. 1:16-cv-03613-ST (E.D.N.Y.) (*Wu*), which was filed on behalf of other former employees of Seoul Garden. Joint Ltr. at 2. The same attorneys represented the parties in both actions, enabling plaintiff here to benefit from discovery taken in *Wu* and to participate, through counsel, in a series of settlement conferences presided over by the Hon. Steven Tiscione in the Eastern District of New York. As a result of those conferences, the parties reached a "global settlement," of which the Agreement now before the Court is a part. *Id.* at 2, 4; Ag. ¶ 8.[1]

    The Agreement provides that defendants will "pay the Settlement Payment with the sale proceed[s] of their real property, a residential building" located in Brooklyn, New York. Ag. ¶ 2(a). The agreed-upon sum is to be paid no later than April 30, 2019, unless plaintiff consents in writing to extend the due date. *Id.* ¶ 2(b). If the building is not timely sold, or if the proceeds are insufficient to pay the full settlement amount, "any deficiency shall be paid by the Individual Defendants by July 31, 2019 unless otherwise agreed among the parties." *Id.* ¶ 2(d). If defendants fail to pay,

---

[1] The three plaintiffs in *Wu*, like the single plaintiff here, worked as waitresses at Seoul Garden. *See* Joint Letter dated Nov. 30, 2018 (*Wu* Joint Ltr.) (Dkt. No. 101 in *Wu*), at 1. Judge Tiscione has approved a settlement agreement in *Wu* that requires defendants to pay a total of $200,000 to all three plaintiffs. *See* Order dated Dec. 4, 2018 (Dkt. No. 102 in *Wu*).

plaintiff may file Affidavits of Confession of Judgment, against each of the individual defendants, in the amount of $100,000 (less any partial payment made). *Id.* ¶ 4.

The Agreement does not contain a release provision denominated as such. However, plaintiff agrees that she will "voluntarily dismiss all claims asserted in [this action] with prejudice, including any and all known and unknown claims," and "will not seek anything further, including any other payments from [d]efendants relating to any claim arising out of [this action]." Ag. ¶ 2. The Agreement contains neither a non-disparagement clause nor a confidentiality clause.

The Court has reviewed the terms of the Agreement, summarized above, and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 206.

The proposed attorneys' fee is also reasonable. Under the Agreement, plaintiffs' two attorneys will receive $2,164.95 as reimbursement for their costs and $32,611.68 in counsel fees, Ag. ¶ 2(c)(i), which is one-third of the net settlement payment. Although somewhat higher than the value of the attorney time that they billed to this action ($24,201.32), the proposed fee is reasonable in light of the overall recovery and the risk that counsel took by litigating pursuant to a contingency agreement, particularly after the individual defendants filed for bankruptcy, requiring counsel to "contest[ ] the bankruptcy petition, leading to a lifting of the automatic stay on September 5, 2018." Joint Ltr. at 1. *See also Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Beckert v. Rubinov,* 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) (when calculating a percentage-of-the-fund award, "the appropriate denominator is the total settlement *net* of costs") (emphasis in the original). The Court also notes that this action benefitted from work performed in *Wu*, where counsel's fee award (also calculated as one-third of the net settlement) was significantly lower than their lodestar. *See Wu* Joint Ltr. at 3-4.

Accordingly, the proposed settlement is APPROVED. Plaintiff shall promptly file her voluntary dismissal of this action with prejudice. *See* Ag. ¶ 2.

Dated: New York, New York
January 8, 2019

                                        **SO ORDERED.**

                                        **BARBARA MOSES**
                                        **United States Magistrate Judge**